U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 12 2006
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
            Plaintiff, )   CIVIL ACTION NO 06-2058
 )
v. )   COMPLAINT
 )
Mena SDI, L.L.C. d/b/a Sonic Drive-In )
 )
            Defendant. )   **JURY TRIAL DEMAND**
 )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief on behalf of Gina R. Hirsch and other female employees. Ms. Hirsch and other females were discriminated against by Defendant by being subjected to sexual harassment caused by the inappropriate sexual actions, overtures, and behavior of the male Night Manager. Ms. Hirsch was subsequently discharged in retaliation for her complaints of sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

2. The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Fort Smith Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f).

4. At all relevant times, Defendant Mena SDI, L.L.C. d/b/a Sonic Drive-In ("Defendant Employer"), was a limited liability corporation doing business in the State of Arkansas and the City of Mena and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Gina R. Hirsch filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer including sexual harassment, retaliation, and discharge. During the course of the investigation, allegations of sexual harassment towards former female employees were discovered. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I

7. From on or around December of 2003 and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Mena, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices include, but

2

are not limited to, sexual harassment of Ms. Hirsch by the male Night Manager.

8. On or about August of 2004, Ms. Hirsch reported the harassment to the Day Manager. On or about September 15, 2004, Ms. Hirsch reported the harassment to the owner. The harassment included, but was not limited to, sexual touching and remarks and requests for sexual favors. In addition to the sexual harassment, Ms. Hirsch was also physically assaulted by the Night Manager.

9. The effect of the practices complained of above has been to deprive Ms. Hirsch of equal employment opportunities and otherwise adversely affect her status as an employee.

10. The unlawful employment practices complained of above were and are intentional.

11. Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of Ms. Hirsch.

## COUNT II

12. From on or around December of 2003 and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Mena, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to, the Night Manager sexually harassing previous and current female employees because of their sex.

13. The effect of the practices complained of above has been to deprive previous and current female employees of equal employment opportunities and otherwise adversely affect their status as employees.

14. The unlawful employment practices complained of above were and are intentional.

15. Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of previous and current female employees.

## COUNT III

16. Since at least December of 2003, Defendant Employer has engaged in unlawful employment practices at its facility in Mena, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a) and §704 of Title VII, as amended, 42 U.S.C. §2000e-3. The unlawful practice includes discharging or constructively discharging Ms. Hirsch in retaliation for reporting sexual harassment.

17. On or about September 15, 2004, after reporting the sexual harassment and physical assault, Ms. Hirsch was informed that she had been removed from the schedule.

18. The effect of the practices complained of above has been to deprive her of her federally protected rights and equal employment opportunities and otherwise adversely affect her status of employment.

19. The unlawful employment practices complained of above were and are intentional.

20. Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of Ms. Hirsch.

## COUNT IV

21. Prior to December of 2003, Defendant Employer has engaged in unlawful employment practices at its facility in Mena, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to failure to prevent the sexual harassment of female employees. Ms. Hirsh reported the Night Manager's sexual conduct to the Day Manager as indicated in Defendant Employer's policy, but the Day

Manager failed to take any action to end the sexual harassment.

22. The effect of the practices complained of above has been to deprive female employees of equal employment opportunities and otherwise adversely affect their status as employees.

23. The unlawful employment practices complained of above were and are intentional.

24. Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of female employees.

## PRAYER FOR RELIEF

## COUNTS I, II, III, and IV

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment patterns and practices.

C. Order Defendant Employer to make whole Gina Hirsch and all female class members who were subjected to Defendant's practices of discrimination by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, placement in a position.

D. Order Defendant Employer to make whole Gina Hirsch and all female class

members who were subjected to Defendant's practices of discrimination by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Gina Hirsch and all female class members who were subjected to Defendant's practices of discrimination by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Gina Hirsch and all female class members who were subjected to Defendant's practices of discrimination punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

  G. Order Defendant Employer to pay Gina Hirsch all the relief to which she is entitled for Defendant's illegal acts of discharging her.

  H. Grant such further relief as the Court deems necessary and proper.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_/s/ Faye A. Williams by PD_
**FAYE A. WILLIAMS**
Acting Regional Attorney

_/s/ Terry Beck by PD_
**TERRY BECK**
Supervisory Trial Attorney

_/s/ William A. Cash, Jr._
**WILLIAM A. CASH, JR.**
Senior Trial Attorney
AR #88081

_/s/ Pamela B. Dixon_
**PAMELA B. DIXON**
Senior Trial Attorney
AR # 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana, Ste. 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
             (501) 324-5065