```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                    PLAINTIFF

          v.            Civil No. 06-2058

MENA SDI, L.L.C. AND
INVESTMENTS HOLDING, INC.                                    DEFENDANTS

## ORDER

NOW on this 5th day of June 2007, comes on for consideration the **Motion to Intervene** (document #21), filed on May 11, 2007, by intervenor, Gina Hirsch ("Hirsch"), and the Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII") to "correct unlawful employment practices and to provide appropriate relief on behalf of Gina R. Hirsch and other female employees" for defendants' discrimination and sexual harassment. See Plaintiff's Amended Complaint (document #9) at 1.

In response, defendant, Investments Holding, Inc. ("Investments Holding") states that at no time was it in an employment relationship with Hirsch or the other complaining female employees.

Moreover, in its answer defendant, Mena SDI, L.L.C. ("Mena"), denies that any of its employees, acting within the scope of their employment, violated any law or statute or caused any injury to Hirsch or the other complaining female employees.

2.   In her motion to intervene, Hirsch claims that she has sustained damages as a result of defendants' actions and that she has an absolute right to intervene in this action in order to recover on these damages.

3.   Defendants, Investments Holding and Mena, have not responded to the motion to intervene.

4.   Fed. R. Civ. P. 24 governs intervention -- providing for both intervention of right and permissive intervention -- and states in pertinent part:

> (a) **Intervention of Right.**  Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  Whether a party has the right to intervene is a question of law.  United States v. Metropolitan St. Louis Sewer Dist., 883 F.2d 54, 55 (8th Cir. 1989).

In the Eighth Circuit, Rule 24 is construed liberally and all doubts are resolved in favor of the proposed intervenor.  Kansas Pub. Employees Retirement System v. Reimer & Koger, 60 F.3d 1304, 1307 (8th Cir. 1995).

5.   In view of the foregoing, the Court concludes that intervention as a matter of right under Rule 24(a) is warranted and Hirsch will be allowed to file a complaint in intervention.

**IT IS THEREFORE ORDERED** that the **Motion to Intervene** (document #21), filed on May 11, 2007 by Gina Hirsch, should be, and hereby is, **GRANTED**;

**IT IS FURTHER ORDERED that the intervenor shall immediately file her complaint in intervention and serve the same upon all parties of record.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**