IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                             )
                Plaintiff,    )        CIVIL ACTION NO:
                             )
                             )           06-2058
GINA HIRSCH                   )
                Intervenor,   )
                             )
v.                            )
                             )
MENA SDI, L.L.C. D/B/A SONIC DRIVE-IN )
and INVESTMENTS HOLDING, INC. )
                             )
                Defendants.   )

**CONSENT DECREE**

This action was instituted by the Equal Employment Opportunity Commission

(hereinafter the "Commission") against Defendant Mena SDI, L.L.C. d/b/a Sonic Drive-In

(hereinafter "Mena") and Defendant Investments Holding, Inc. (hereinafter "Investments"), to

enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq. (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a, and to remedy

unlawful practices alleged in the Complaint filed in this action.

In the event this proposed Consent Decree is not approved or does not become final, then

it shall not be admissible in evidence in any subsequent proceeding in this action.  This Decree

shall not be admissible in any other civil actions other than actions arising out of the rights and

obligations of the parties under this Decree.  Defendants deny taking any action that constitutes

a violation of Title VII of the Civil Rights Act of 1964, as amended.  However, all parties to this

action desire to avoid the additional expense and delay in the litigation of this case.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements of counsel for all parties and hereby approves the Consent Decree.

**NOW, THEREFORE**, the Court being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## I.      JURISDICTION

The United States District Court for the Western District of Arkansas, Fort Smith Division, has jurisdiction over the parties and subject matter of this litigation.

## II.      SCOPE AND DURATION OF DECREE

A.      This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this cause alleging unlawful employment policies and practices maintained by the Defendants and arising out of Charge No. 251-2005-00201 filed by Charging Party Gina Hirsch with the Commission.  Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any manner to be dispositive of any charge now pending before any office of the Commission other than Charge No. 251-2005-00201.

B.      The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of one year from the date of the entry of this Decree except as outlined in Section II, Paragraph C.

C.      Defendant Investments is only bound under this Decree as set forth in Section II, Paragraph A, Section VI, Paragraphs A, B, C, and D, and Section VII.  Defendant Mena is subject to all provisions of this Consent Decree except for Section VI, Paragraphs A, B, C, and D.

2

### III.    NON-DISCRIMINATION PROVISION

A.    The Defendant Mena, its officers, agents, employees, and all persons acting in concert with the Defendant Mena agree that they shall comply with the provisions of Title VII of the Civil Rights Act of 1964, as amended, with respect to any employment practice which has the purpose or effect of discriminating against any employee because of sex.  Defendant Mena agrees that no employee will be subjected to a sexually hostile work environment.

B.    Defendant Mena, its officers, agents, employees, and all persons acting in concert with Defendant shall not take any retaliatory measure against Gina Hirsch or Rebekah White or any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or for making a charge or complaint to the Commission, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964, as amended.

### IV.    TRAINING

A.    Defendant Mena agrees to conduct a training session on the prevention of sexual harassment and retaliation for all the employees at its Mena location.   This training session will be conducted within ninety (90) days of the entry of this Decree.   A list of the employees that attend the training session, a copy of the syllabus, and a copy of the training materials will be provided to the Commission within thirty (30) days of the training session.  All new employees, both staff and management, will be provided similar training when hired.

B.    Defendant Mena will provide a copy of its sexual harassment policy to all of its employees at the Mena Sonic location within thirty (30) days of the entry of this Decree.  All new employees in both staff and management positions will be provided with a copy of the policy within ten days of the date of hire.

3

## V.    NOTICE

Defendant Mena shall conspicuously post at its Mena location the Notice required to be posted by Title VII of the Civil Rights Act of 1964, as amended.  Furthermore, Defendant Mena shall conspicuously post the notice at Appendix A of this Decree at its Mena location for a one year period commencing within ten (10) days after entry of this Decree by the Court.

## VI.    INDIVIDUAL RELIEF

A.    Defendant Investments shall deliver a cashier's check in the amount of $50,000 made payable to Mike Hamby and to Gina Hirsch at the following address:

> Mike Hamby
> P.O. Box 395
> Greenwood, Arkansas  72936

B.    Defendant Investments shall deliver a cashier's check in the amount of $25,000 to Rebekah White at the following address:

> Rebekah White
> 4471 Highway 375 West
> Mena, Arkansas  71953

C.    The checks should be mailed within ten (10) days after entry of this Decree by the Court.

D.    Defendant Investments shall forward a copy of the checks to Pamela B. Dixon at the Commission Office in Little Rock, Arkansas.

E.    Defendant Mena agrees to give a neutral reference to any potential employers of Gina Hirsch who request a job reference.  Likewise, the Defendant agrees to give a neutral reference to any potential employers of the female class members who received monetary relief in this Decree.  Any such neutral reference shall be identical to the form demonstrated in Appendix B.  No mention of Ms. Hirsch's charge of discrimination or this lawsuit will be made

as part of the neutral reference.

### VII.   COSTS

Plaintiff Equal Employment Opportunity Commission, Plaintiff Intervenor Gina Hirsch, and Defendants Mena and Investments shall bear their own costs, including attorneys' fees.

SO ORDERED THIS 6 DAY OF *August*, 2007.

**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

**COUNSEL FOR PLAINTIFF**

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:  (901) 544-0088

**WILLIAM A. CASH JR.**
Supervisory Trial Attorney

**PAMELA B. DIXON**
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:    (501) 324-5065

**COUNSEL FOR DEFENDANT
INVESTMENTS HOLDING, INC.**

**S. WALTON MAURRAS**
Smith, Maurras, Cohen, Redd
& Horan, PLC
1120 Garrison Avenue, Ste. 200
Fort Smith, Arkansas  72917

**ANDREW L. WALDING**
Fellers Snider Blankenship, Bailey
& Tippens, P.C.
Bank One Tower
100 North Broadway, Ste 1700
Oklahoma City, Oklahoma  73102

**COUNSEL FOR DEFENDANT
MENA S.D.I**

**STEPHEN G. SOLOMON** *with permission (jsw)*
Solomon & Collins
6307 Waterford Boulevard, Ste. 120
Oklahoma City, Oklahoma  73118

**COUNSEL FOR INTERVENOR**

**MICHAEL HAMBY**
P.O. Box 395
Greenwood, AR  72936